United States District Court
Southern District of Texas
**ENTERED**
June 13, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Walter Moore, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action H-21-1679 |
| | § | |
| Greater Houston Transportation | § | |
| Company et al., | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court are Defendants Metropolitan Transit Authority of Harris County Texas's, ECF No. 18, and Texas Mutual Insurance Company's, ECF No. 26, respective motions to dismiss and strike. The court recommends that Defendants' motions to dismiss be granted.

### 1. Background and Procedural Posture

Plaintiff Walter Moore brought this suit against Greater Houston Transportation Company (GHTC), Metropolitan Transit Authority of Harris County, Texas (Metro), and Texas Mutual Insurance Company (TMIC) on May 17, 2021. ECF No. 1. The same day, Moore filed an Amended Complaint. ECF No. 2. Moore has also filed a "Judicial Review and Brief," ECF No. 19, and exhibits in support of that filing, ECF No. 20. The court considers these filings to be supplements to the Amended Complaint.

In his Amended Complaint, Moore alleges Fair Labor Standards Act (FLSA), Title VII employment discrimination, and Racketeer Influence and Corrupt Organizations (RICO) violations against GHTC as well as Metro. ECF No. 2 at 3–4. Because Moore refers to GHTC and Metro interchangeably throughout his filings, ECF No. 2 at 3, the court construes the following additional allegations to be against both GHTC and Metro jointly[1]: aggravated assault, medical treatment without informed consent, betrayal of trust, RICO, cyber stalking and mental abuse, unlawful surveillance, harassment and stalking, hostage taking by coercion, retribution/retaliation, fraud, defamation of character, and intentional infliction of emotional distress. ECF No. 19 at 35–44.

Moore's filings span over 442 pages not including his responses to the pending motions to dismiss. The Amended Complaint and its supplements are written in a disjointed narrative and allege a conspiracy that began as far back as 2010. Moore alleges that on November 5, 2010, Metro and GHTC began to engage in acts constituting racketeering when he witnessed two men dumping two bodies in Westchase Bayou. *Id.* at 8, 22–28. Throughout his pleadings Moore tells a story about Metro and GHTC's mistreatment of him for more than a decade. It includes allegations that he was being replaced in his job by white female American citizens,

---

[1] Moore alleges that GHTC uses thirty-two different aliases. ECF No. 19 at 5, 14–15. Only GHTC will be referred to.

that coworkers vandalized his vehicle, that his vehicle was modified to render him unconscious, that he was assaulted and shot, that a his tooth was split open, and that a microchip was implanted in his rib to administer electric shocks. All of these things were done to deprive Moore of his job.

The court has liberally construed Moore's pro se pleadings and considers the following to be the facts Moore alleges in support of his claims.[2] GHTC and Metro:

- Assaulted him on April 17, 2016, ECF No. 2 at 3, 19;
- Assaulted him in January of 2018, *id.*;
- Caused him to have a traffic accident on June 29, 2018, *id.* at 4, 19;
- Attempted to intimidate him in to resigning based on his national origin, *id.* at 5;
- Discriminated against and harassed him on the basis of national origin, ECF No. 19 at 8, 33;
- Retaliated against him by suspending him from his employment for three months without cause on September 2, 2017, ECF No. 1 at 6, 18, ECF No. 19 at 33;
- Vandalized his vehicle, ECF No. 1 at 11;
- Harassed him with robo-calls, *id.* at 11–12;
- Implanted a microchip in his body, *id.* at 19, 21;
- Misclassified him as an independent contractor, *id.* at 20;
- Coerced him into employment with GHTC, ECF No. 19 at 8;
- Forced him to pay $3,100 to obtain employment, *id.* at 9, 16;
- Modified his work vehicle so that fumes would cause him to pass out, *id.* at 12;
- Stalked him, *id.* at 13, 36;

---

[2] Record citations are not exhaustive. Many of the recited facts are repeated throughout Moore's voluminous filings.

- Presented fabricated evidence to an administrative law judge (ALJ), *id.* at 20;
- Conspired to have him shot on May 5, 2011, *id.* at 29;
- Attempted to kill him at Ben Taub Hospital during his recovery from the May 5, 2011 shooting, *id.* at 27, 31;
- Forged his signature, *id.* at 31;
- Prevented him from completing his education at Houston Community College, *id.* at 33, 41;
- Electronically tracked his location without his consent, *id.* 36, 39.

Moore asserts that TMIC was somehow complicit in GHTC's and Metro's acts but does not explain how. ECF No. 19 at 6.

Moore alleges that TMIC breached its duty of care and its duty of good faith and fair dealing in handling his worker's compensation claim by denying him access to medical care. *Id.* at 4.

### 2. Moore's Claims Against GHTC Should Be Severed

The first defendant named by Moore, GHTC, has entered a notice of bankruptcy filing. ECF No. 23. As a result, all claims against GHTC are automatically stayed. *See* 11 U.S.C. §§ 362(a)(1), (6). In the interest of the fair and efficient resolution of Moore's claims the court finds good cause to sever all claims against GHTC from those against Metro and TMIC. *See* Fed. Rule. Civ. P. 21; *see also, e.g., Bass Drilling, Inc. v. SE Energy, LLC,* 9:08-CV-288-TH, 2009 WL 10677706 (E.D. Tex. Nov. 13, 2009) (finding good cause to sever a bankrupt defendant). "'Severance creates two separate actions or suits where previously there

but was one.'" *Carlos v. VanNess,* No. 21-50419, 2022 WL 1165647 at *1 (5th Cir. Apr. 20, 2022) (citing *United States v. O'Neil,* 709 F.2d 3661, 368 (5th Cir. 1983). Thus, the court considers Moore's pleadings, the pending motions, and its jurisdiction separately from Moore's claims against GHTC. The severed case against GHTC will be stayed and administratively closed.

### 3. Analysis

The court has construed Moore's amended complaint and supplements in the light most favorable to him and has endeavored to ferret out all of the factual statements that might support his claims. Having done so, the court must now determine whether these allegations plausibly give rise to the asserted violations. *See Iqbal*, 556 U.S. at 680.

Metro moves for dismissal of Moore's claims against it pursuant to Rules 12(b)(1) and 12(b)(6). ECF No. 22. Moore responded to Metro's motion to dismiss by repeating his allegations. ECF No. 21 at 1–7. Metro's motion to dismiss is fully briefed for the court.

TMIC also moves for dismissal of Moore's claims against it pursuant to Rules 12(b)(1) and 12(b)(6). ECF No. 26. TMIC relies on Metro's motion to dismiss to argue that once the federal claims are dismissed, because the court lacks diversity jurisdiction, it should not exercise supplemental jurisdiction over the state claims. *Id.* at 4–5. Moore responded to TMIC's motion largely by repeating his allegations.

He argues that this court should "set aside the decision of the [s]tate agency." ECF No. 31 at 9-10. Moore also asserts that he is entitled to a default judgment because TMIC has not timely filed an answer. *See e.g. id.* at 10. TMIC replied and again argued the court lacks jurisdiction over Moore's claims against it. ECF No. 32. TMIC's motion to dismiss is fully briefed for the court.

### A. Standard of Review

#### i.   Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction[,]" and the presumption is that "a suit lies outside this limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Settlement Funding, L.L.C.*, 851 F.3d at 534 (quoting *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012)) ("A lack of subject matter jurisdiction may be raised at any time and may be examined for the first time on appeal."). The court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

"A district court may dismiss a case under Rule 12(b)(1) based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The party asserting jurisdiction has the burden to prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.*

### ii.   Federal Rule of Civil Procedure 12(b)(6)

A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Under Rule 12(b)(6), a complaint that does not allege "enough facts to state a claim to relief that is plausible on its face" should be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the party is entitled to relief under a valid legal theory." *Langen v. Sanchez Oil & Gas Corp.*, No. CV 4:18-2840, 2019 WL 1674348, at *3 (S.D. Tex. Apr. 17, 2019). While a complaint does not require detailed factual allegations, a plaintiff must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. "[C]onclusory

allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

The court liberally construes pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When considering a motion to dismiss, a court must consider the complaint in its entirety, including documents incorporated by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider "any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Federal Law Claims Against Metro

Moore has alleged three federal claims against Metro: RICO, FLSA, and employment discrimination. The remainder of his claims are intentional torts under Texas law, fraud, and a request to review a Texas Worker's Compensation decision. Because Metro argues that the court lacks jurisdiction to hear Moore's claims after considering their Rule 12(b)(6) arguments, the court first considers Moore's three federal law claims.

### i.   Title VII Claims

Moore alleges Title VII employment discrimination violations against Metro based on his national origin. ECF No. 2 at 3–4.

"Before filing a claim under Title VII in federal court, plaintiffs must first 'exhaust their administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission' within a statutorily mandated time period." *Wiggins v. Golden Corrall Corp.,* 802 F. App'x 812, 814 (5th Cir. 2020) (quoting *Davis v. Fort Bend Cnty.,* 893 F.3d 300, 303 (5th Cir. 2018)). Administrative exhaustion is mandatory, but not jurisdictional. *Id.* "[A] plaintiff must exhaust administrative remedies by filing a charge with the EEOC within 180 days of the discriminatory action" or within 300 days if the charge is filed with a state or local agency. *Ernst v. Methodist Hosp. Sys.,* 1 F.4th 333, 337 (5th Cir. 2021) (citing *Davis,* 893 F.3d at 303).

Although Moore alleges that Metro discriminated against him in January 2019 by causing him some sort of injury, it does not appear that he is alleging that he was even employed by Metro at that time. Nor does he provide any facts to support this allegation. He claims to have filed an EEOC Complaint on September 29, 2019. ECF No. 2 at 5. The court takes that to be true. However, Metro has attached Moore's EEOC Complaint to their amended motion to dismiss. ECF No. 22-1. In it, as of May 5, 2021, Moore alleges that he was last discriminated against on July 2, 2017. *Id.* There are no facts in the complaint that plausibly allege any discriminatory act on the part of Metro, as Moore's employer, after September 2, 2017, when Moore alleges to have last worked there. ECF No. 2 at 18–19. Any other allegations of later

discrimination are so vague, conclusory, and baseless that they are not entitled to be credited. Because Moore's alleged September 29, 2019 EEOC charge was filed many months after the 300 day deadline, his claims against Metro for employment discrimination are time barred.

Moore's Title VII claim against Metro should be dismissed with prejudice.

### ii.    FLSA Claim

Moore alleges FLSA violations against Metro on the basis that he was wrongfully classified as a contractor. ECF No. 2 at 3–4. Metro argues Moore's FLSA claims are time barred. ECF No. 22 at 10.

A suit alleging violations of the FLSA must be brought within two years of the violation or within three years if the violation was willful. 29 U.S.C. § 255(a). Moore does not say when the re-classification took place, but, as explained in the previous part, he last worked for Metro on September 2, 2017. Thus, the alleged FLSA violation must have occurred before that. Moore did not file his original complaint in this court until May 17, 2021. ECF No. 1. Moore's original complaint was filed at least eight months after it became time barred, even assuming Moore alleges a willful violation. Moore's FLSA claims against Metro are therefore time-barred.

Moore's FLSA claims against Metro should be dismissed with prejudice.

### iii.   RICO

Moore alleges Metro violated the RICO Act 18 U.S.C. §§ 1961–1968 by colluding with GHTC to commit a number of statutory violations and intentional torts. ECF No. 19 at 37. Metro argues that, as a government entity, it cannot violate RICO as a matter of law. ECF No. 22 at 15.

RICO claims "have three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *Davis v. City of Alvardo,* 835 F. App'x 714, 720 (5th Cir. 2020) (quoting *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007)). A racketeering activity requires a predicate act that is either a state or federal crime. *Id.* (quoting *In re MasterCard Int'l Inc.*, 313 F.3d 257, 262 (5th Cir. 2002)). Government entities "are not proper defendants in a RICO suit." *Id.* (citing *Gil Ramirez Grp., L.L.C. v. Hous. Indep. Sch. Dist.*, 786 F.3d 400, 412 (5th Cir. 2015). Metro is a government entity. *See* Tex. Transp. Code Ann. § 451.052(c). Metro is not a proper defendant to a RICO suit.

Moore's RICO claims against Metro should be dismissed with prejudice.

### C. State Law Claims Against Metro and TMIC

All of Moore's remaining claims against both Metro and TMIC are brought under state law. Moore alleges several common law intentional torts, *see* ECF No. 19 at 35–44, and common law fraud against Metro, *see* ECF No. 19 at 42, which is a state law claim. *See Howley v. Bankers Standard Ins. Co.,* 2022 WL 576403 at *1

(5th Cir. Feb. 25, 2022). Moore also asks the court for judicial review of a Texas Division of Worker's Compensation Division final decision as it applies to both Metro and TMIC. ECF Nos. 2 at 8–10, 31 at 2. Review of a worker's compensation decision is a state law claim. *See American Zurich Ins. Co. v. Jasso,* 598 F. App'x 239, 243 (5th Cir. 2015).[3]

Having concluded that all of Moore's federal law claims should be dismissed, the court must determine whether it should or can retain jurisdiction over Moore's remaining state law claims. *See Arena v. Graybar Elec. Co., Inc.,* 669 F.3d 214, 233 (5th Cir. 2012) ("Proper jurisdiction for a federal court is fundamental and necessary before touching the substantive claims of a lawsuit.") The Fifth Circuit recently reiterated that in cases such as this, "'a severed action must have an independent jurisdictional basis.'" *Carlos v. VanNess,* 2022 WL 1165647 at *1 (5th Cir. Apr. 20, 2022) (quoting *Honeywell Int'l., Inc. v. Phillips Petroleum Co.,* 415 F.3d 429, 431 (5th Cir. 2005). Because, as discussed next, the court finds diversity is lacking, the court recommends that the court decline to exercise supplemental jurisdiction over the remaining state law claims.

---

[3] Even construing Moore's allegations of a violation of good faith and fair dealing against TMIC as being independent of his request for judicial review of the worker's compensation claim, a breach of the duty of good faith and fair dealing remains a state law claim. *See Howley,* 2022 WL 576403 at *2.

### i.   Diversity Jurisdiction

Federal courts have jurisdiction over state law claims when all defendants are citizens of different states from all plaintiffs and the amount in controversy is more than $75,000. 28 U.S.C. § 1332. It is undisputed here that all parties are citizens of Texas for the purposes of 28 U.S.C. § 1332. Moore's amended complaint states he is "a Texas Resident." ECF 2 at 2. It is undisputed that Metro is an agency of Harris County. TMIC has filed an affidavit demonstrating it is a corporate citizen of Texas through both its incorporation under the laws of the state of Texas and the location of its principal office in Austin, Texas. ECF No. 26-1; 28 U.S.C. § 1332(c)(1). The court does not have diversity jurisdiction over Moore's remaining state law claims.

### ii.   Supplemental Jurisdiction

The court is initially doubtful that it has jurisdiction over these state law claims because they do not appear to be a part of the same case or controversy as the federal claims. *See* 28 U.S.C. § 1367(a). That hurdle aside, the court considers whether it should exercise supplemental jurisdiction over the remaining state law claims.

Federal courts have supplemental jurisdiction over claims that "are so related to the original claims that they. . . 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy,* 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725 (1966)); *see also* 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction if (1) the

claim involves novel questions of state law, (2) the state law claim predominates, (3) all federal law or diversity claims have been dismissed, or (4) where there are exceptional circumstances. 28 U.S.C. § 1367(c).

In the Fifth Circuit it is well established that "if all the federal law claims are dismissed prior to trial, a district court should dismiss the state law claims." *Sprague v. Dept. of Family and Protective Servs.*, 547 F. App'x 507, 509 (5th Cir. 2013) (citing *Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir.1998)). "'[T]he dismissal of the pendent claims should expressly be *without* prejudice so that the plaintiff may refile his claims in the appropriate state court.'" *Id.* (quoting Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir.1999) (emphasis in original).

Because there are no remaining federal law claims in Moore's suit against Metro and TMIC, the court should dismiss all of Moore's remaining state law claims without prejudice.

## 4. Conclusion

Because Moore has not alleged any facts against Defendants that may warrant relief under federal law, his employment discrimination, FLSA, and RICO claims should be dismissed.

The court finds that further amendment of the complaint would be futile. Moore has already filed an amended complaint and supplements that have been considered. ECF Nos. 2, 19, 20. Given this, the court finds that Moore is "unable to

amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Accordingly, the dismissal should be with prejudice as to the federal law claims. The court should decline to exercise jurisdiction over the state law claims, which the court recommends be dismissed without prejudice.

The case against GHTC should be stayed and administratively closed pending the bankruptcy proceedings against GHTC. *See* 11 U.S.C. § 362.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June *13*, 2022.

Peter Bray
United States Magistrate Judge